## No. 12,162.

### HAGGE *v.* HAGGE.

Decided October 21, 1929.   Rehearing denied November 12, 1929.

Mr. BYRON G. ROGERS, Mr. FRANK C. BRYANT, for plaintiff in error.

Mr. A. C. JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the plaintiff George H. Hagge against his wife, Olive Hagge, to secure a decree of

divorce. On the original hearing we dismissed this writ of error on the ground that the record did not show that a final decree had been rendered. On the application of the plaintiff in error for a rehearing, our attention is directed to a recital in the record that a final decree of divorce had been rendered. Our original opinion is, therefore, withdrawn and the rehearing granted, and the case is disposed of on its merits. Substantially the same result has been reached by us on this the final hearing, for we think the decree is right and cannot be interfered with and must be affirmed.

On the original hearing we dismissed the writ because we interpreted defendant's own argument as a virtual admission that her only objection was that the trial court erred in denying her motion to set aside its findings of fact and conclusions of law. We are not entirely clear now that we were in error in reaching this conclusion, but as a further examination of the record discloses that a final decree was entered, we dispose of the case upon the assumption and theory that the writ of error is to the final decree itself. Her sole contention for a reversal is that the court erred in denying her motion to set aside the findings of fact and conclusions of law upon which the final decree was based. It is sufficient merely to say that the court's ruling upon this motion was based upon conflicting evidence.

We have read the transcript and are forced to the conclusion that the trial court was abundantly justified in its order refusing to set aside the findings of fact and conclusions of law and in denying defendant's motion for a new trial. It would serve no useful purpose to enter upon a discussion or review of the showing by the respective parties on the defendant's motion. It was based in part upon oral testimony and in part on affidavits. The trial court, in so far as the testimony was from living witnesses, was better able to judge of credibility than we are. As to the force and effect of the affidavits and record evidence, we are as well qualified

to determine as was the trial court. The case as made is not different in principle from many cases of like character. The trial court's findings and conclusions, being sustained by evidence, we cannot disturb its conclusion, and the decree is therefore affirmed.